IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

WENDELL BURNETT,

      Petitioner,

  v.                                    Case No. 2:05-CV-597
                                         Judge Frost
JEFFREY WOLFE, Warden,        Magistrate Judge King

      Respondent.

**REPORT AND RECOMMENDATION**

Petitioner, a state prisoner brings this action for a writ of habeas corpus pursuant to 28 U.S.C. §2254. According to the petition, petitioner challenges his July 2002, conviction after a jury trial in Franklin County on possession of cocaine. However, petitioner previously filed a federal habeas corpus petition regarding this same conviction, which action was dismissed on April 5, 2005. *Burnett v. Warden, Noble Correctional Institution*, Case No. 2:04-cv-685 (S.D. Ohio); Exhibits 1, 2, and 3 to Return of Writ. Thus, this action is a successive petition for habeas corpus under 28 U.S.C. §2254.

Title 28 U.S.C. §2244(b)(3)(A) provides that, before a second or successive petition for a writ of habeas corpus can be filed in the district court, the applicant must obtain authorization from the appropriate circuit court of appeals for the district court to consider the application.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such successive motion or petition. *Nelson v. United States*, 115 F.3d 136 (2nd Cir. 1997); *Hill v. Hopper*, 112 F.3d

1088 (11th Cir.), *cert. denied*, 520 U.S. 1203 (1997). Unless the court of appeals has given approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition to the United States Court of Appeals for the Sixth Circuit. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997)(*per curiam*). Under §2244(b)(3)(A), only a circuit court of appeals has the power to authorize the filing of a successive petition for writ of habeas corpus. *Nunez v. United States*, 96 F.3d 990 (7th Cir. 1996).

That being the case, this Court is without jurisdiction to entertain a second or successive §2254 petition unless authorized by the Court of Appeals for the Sixth Circuit. The Sixth Circuit, in turn, will issue this certification only if petitioner succeeds in making a *prima facie* showing either that the claim sought to be asserted relies on a new rule of constitutional law made retroactive by the United States Supreme Court to cases on collateral review; or that the factual predicate for the claim could not have been discovered previously through the exercise of diligence, and these facts, if proven, would establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty. 28 U.S.C. §2244(b)(2).

The Sixth Circuit described the proper procedure for addressing a second or successive petition filed in the district court without **§**2244(b)(3)(A) authorization:

> [W]hen a prisoner has sought §2244(b)(3)(A) permission from the district court, or when a second or successive petition for habeas corpus relief or §2255 motion is filed in the district court without §2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. §1631.

*In re Sims, supra,* 111 F.3d at 47*; see also Liriano v. United States*, 95 F.3d 119, 123 (2d Cir. 1996)(*per curiam*).

For the following reasons, the Magistrate Judge **RECOMMENDS** that the instant petition be **TRANSFERRED** to the Court of Appeals for the Sixth Circuit pursuant to §2244(b)(3)(A), and that petitioner's request to transfer this case to the United States Court of Appeals for the Sixth Circuit, Doc. No. 5, be **GRANTED**.

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

July 28, 2005                                                               *s/Norah McCann King*
                                                                            Norah McCann King
                                                               United States Magistrate Judge